## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KREATE SPACE, LLC, d/b/a** | § | |
| **KREATE HUB,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Civil Action No. 4:24-CV-00027** |
| **vs.** | § | |
| | § | |
| **KREATE PRODUCTIONS LLC** | § | **JURY TRIAL DEMANDED** |
| **and KAHLIL MARTIN,** | § | |
| | § | |
| *Defendants*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Kreate Space, LLC, d/b/a Kreate Hub ("Kreate" or "Plaintiff"), by and through its attorneys, Nolte Lackenbach Siegel, file this Original Complaint against Defendants, Kreate Productions LLC ("KPLLC") and Kahlil Martin ("Martin") (collectively "Defendants," each a "Defendant") as follows:

### NATURE OF ACTION

1.      In this action, Kreate seeks injunctive relief, lost profits, damages and attorneys' fees for Defendants' acts of willful trademark infringement, false designation of origin, false descriptions, and unfair competition, pursuant to the Lanham Act, 15 U.S.C. § 1051 *et seq*., and trademark infringement and unfair competition under Texas common law.

### THE PARTIES, JURISDICTION, AND VENUE

2.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331, 1332, 1338, and 1367.

3.     Kreate is a limited liability company organized under the laws of the State of Delaware, having its principle place of address at 42 West 39th Street, 6th Floor New York, New York 10018.

4.     The actions of the Defendants complained of in this Complaint have been and continue to be committed within the Southern District of Texas.

5.     Upon information and belief, Defendant KPLLC is a limited liability company organized and existing under the laws of the State of Texas, with a business address at 3727 Greenbriar Drive, Suites 206 and 207, Stafford, Texas 77477.

6.     Upon information and belief, Defendant Martin is an individual with a residence address at 1250 Leona Street, Apt. 2206, Houston, Texas 77009, and a business address in Stafford, Texas.

7.     Upon information and belief, Martin is a director, officer, and/or principal of KPLLC, and has aided, abetted, controlled, and actively directed and caused KPLLC to commit, and has himself individually committed, the acts complained of herein.

8.     Upon information and belief Defendants contract to supply goods and/or services, and/or transact business in Texas and within this judicial district; and the tortious acts of Defendants complained of in this Complaint, including, without limitation, the infringement of Kreate's trademarks, have caused harm to Kreate within this judicial district.

9.     Personal jurisdiction exists over the Defendants as both are residents of the State of Texas and this judicial district.

10.     Venue is proper in this district and this division pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2).

## FACTUAL ALLEGATIONS

11.     Kreate owns a network of its "Kreate Hub" studio spaces (each a "Kreate Hub Studio"), currently located in each of Bronx, New York, Philadelphia, Pennsylvania, and Nashville, Tennessee, which studios it furnishes, maintains, and rents to members of the public seeking spaces to create art or to pursue other creative endeavors.

12.     Kreate opened and began operating and renting space in its first Kreate Hub Studio in Bronx, New York, located at 15 Canal Place, Bronx, NY 10451, in August, 2019. Kreate subsequently opened its Philadelphia Kreate Hub, located at 2801 Frankford Avenue, Philadelphia, PA 19134, in 2020, and its Nashville Kreate Hub, located at 309 Plus Park Blvd., Nashville, TN 37217, in 2022.

13.     Kreate's Kreate Hubs have been very successful, and accordingly Kreate is currently seeking to expand and open new Kreate Hubs in Nashville, along with Kreate Hubs in Austin, Dallas and Houston, Texas, Chicago, Illinois, Raleigh and Durham, North Carolina, Richmond and Virginia Beach, Virginia, and Tampa, Florida.

14.     Beyond its current locations and future locations in Tennessee, Texas, Illinois, North Carolina, Virginia, and Florida, Kreate plans to operate 50 additional Kreate Hub Studio locations nationwide by the end of this decade.

**Kreate's Trademark**

15.     Kreate owns, and since at least 2019 has used its trademark KREATE HUB (the "Kreate Mark") in connection with the operation, maintenance, and renting of publicly available creative studio spaces in various locations across the United States.

16.     Kreate has used its Kreate Mark openly, notoriously, and continuously since at least 2019 at its Bronx, New York Kreate Hub location, including on publicly visible signage, on

Facebook, Instagram, Tik Tok and other social media, and in marketing and advertising and on its website kreatehub.com (the "Kreate Website").

17.     Kreate has used its Kreate Mark openly, notoriously, and continuously since at least 2020, including on publicly visible signage, at its Philadelphia Kreate Hub location, and since 2021, including on publicly available signage, at its Nashville Kreate Hub location.

18.     Kreate is the owner of United States Trademark Registration No. 6,170,576 (the "Registration") for the trademark KREATE HUB (the "Registered Mark") for use in International Class 43 in connection with the "[r]ental of office work space; rental of office studio space; incubation services, namely, rental of office space to freelancers, start-ups, existing businesses and non-profits; rental of office work space to artists, filmographers, photographers, sound engineers, jewelry designers and crafters, freelancers, start-ups and writers; rental of gallery space for art exhibits; [and] rental of communal space for community eventsbrew pub services (the "Kreate Services").

19.     Kreate has used the Registered Trademark openly, notoriously, and continuously in interstate commerce in connection with the Kreate Services since the date of first use set forth in the Registration, which is prior to any of the acts of the Defendants complained of herein.

20.     Further, the application to register the Kreate Mark (the "Kreate Application") was initially filed by Kreate on July 3, 2019, U.S Trademark Application Serial No. 88/499,055 as an intent-to-use application under Lanham Act § 1(b), and thus the Registration carries a priority date of July 3, 2019 (the "Priority Date") which Priority Date establishes Kreate's priority of use over Defendants in this action.

21.     The Kreate Mark, including the Registered Trademark, is an inherently distinctive and strong trademark.

22.     Because of Kreate's extensive use and promotions of the Kreate Mark, including the Registered Trademark, and in light of the unsolicited media coverage and notoriety pertaining to the Kreate Services and the Kreate Mark, the Kreate Mark, including the Registered Trademark, has become distinctive and prominent, has acquired a secondary meaning, and indicates and designates Kreate as the single source of origin of the services marketed, offered and sold in connection therewith.

23.     Kreate has used its Kreate Mark extensively since its first use, in connection with the Kreate Services.

24.     Kreate has advertised and otherwise promoted its Kreate Mark extensively since first use, through signage, print ads, events, social media, its Kreate Website and third party websites, and through other means.

25.     Kreate's Kreate Services marketed, offered and sold in connection with, and/or bearing the Kreate Mark have been offered and sold extensively.

26.     Kreate's Kreate Services marketed, offered and sold in connection with, and/or bearing the Kreate Mark have been exceptionally popular and successful, and have been the subject of unsolicited media coverage.

27.     By virtue of Kreate's use, advertising, promotion and sales of its Kreate Services in connection with and/or bearing the Kreate Mark, including the Registered Trademark, and the unsolicited media coverage featuring the Kreate Mark, the Kreate Mark has become associated with Kreate and has created an association between Kreate and its Kreate Mark in the mind of consumers and the public.

**Defendants' Infringing Activities**

28.     On or about October 14, 2023, Defendants opened a venue for rental studio spaces for artists and creatives in Stafford, Texas, which Defendants currently operate under the name "Kreate Studios" (the "Infringing Mark").

29.     On information and belief, Defendants currently offer four (4) separate studio spaces for rent at their Stafford, Texas location under the Infringing Mark (the "Infringing Services"), which spaces Defendants advertise and make available online via their website located at kreatestudioshtx.com (the "KP Website").

30.     On information and belief, Defendants market and advertise their Infringing Services online via the KP Website, and through their social media accounts, including without limitation, Instagram, Tik Tok, and Facebook, and via other means of marketing and advertising.

31.     The Infringing Services offered and sold by Defendants consist of furnished studio spaces in which artists and other creative professionals and individuals are able to rehearse, create, meet, and collaborate, which studio spaces are similar if not identical in function and purpose to the studio spaces offered and rented to artists and other creatives by Kreate.

32.     Through their website, social media, and through other means of advertising and promotion, Defendants offer for sale and sell, and will continue to offer for sale and sell, the Infringing Services within this judicial district.

33.     Kreate currently operates and provides its Kreate Services through its Kreate Hub Studios in the Bronx, New York, Philadelphia, Pennsylvania, and Nashville, Tennessee, and markets and sells its Kreate Services nationally and worldwide through its Kreate Website and through its social media accounts.

6

34.     Kreate is currently actively seeking to establish new Kreate Hub Studios in Nashville, Austin, Dallas, Houston, Chicago, Raleigh, Durham, Richmond, Virginia Beach, and Tampa, and has plans to open up to 50 additional Kreate Hub Studio locations by 2030.

35.     Defendants' Infringing Mark is confusingly similar to Kreate's Kreate Mark, including the Registered Trademark, in sight, sound, and connotation.

36.     Defendants' Infringing Services are related, if not identical to the Kreate Services that Kreate provides under and/or in connection with its Kreate Mark.

37.     Upon information and belief, Defendants were aware of Kreate and Kreate's use of the Kreate Mark in connection with the Kreate Services at the time Defendants adopted and began to use Defendants' Infringing Mark.

38.     Upon information and belief, Defendants adopted their Infringing Mark, including spelling the word "create" as "kreate" with a "k" in place of the "c," with the intent to deceive consumers and to cause confusion among purchasers, for the purpose of benefitting from the goodwill and public recognition associated with the Kreate Mark and creating a false association and/or belief in affiliation between Kreate and Defendants.

39.     The aforementioned acts of Defendants are causing and will cause a likelihood of confusion in the minds of the trade and the public, and is damaging and will continue to damage Kreate's reputation and goodwill in connection with the Kreate Mark and the Kreate Services.

**COUNT I**
**REGISTERED TRADEMARK INFRINGEMENT (LANHAM ACT § 32)**

40.     Kreate repeats and realleges each and every allegation contained in the prior paragraphs and the same are incorporated herein and made a part hereof by this reference.

41.     Kreate is the owner of the Registered Trademark and the Registration.

42.     The Registered Trademark and the Registration are valid and subsisting.

43.     Kreate commenced using, and has continuously used the Registered Trademark in commerce since its first use date.

44.     Kreate adopted and commenced use of the Registered Trademark prior to when Defendants commenced using Defendants' Infringing Mark.

45.     Kreate's Priority Date for use of the Registered Trademark, based upon the filing date of the Kreate Application, is earlier than, and senior to the earliest use date that Defendants can establish by virtue of their adoption and use of the Infringing Mark.

46.     The Infringing Mark is confusingly similar to the Registered Trademark in sight, sound, and connotation.

47.     Kreate's Registered Trademark is a strong trademark, based on both its inherent strength and its commercial strength.

48.     The Kreate Services are services which are sold, distributed, furnished and/or advertised to the same or similar classes of purchasers as Defendants' Infringing Services.

49.     Upon information and belief, Defendants were aware of Kreate and of Kreate's use of its Registered Trademark prior to the time Defendants selected and commenced using Defendants' Infringing Mark.

50.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks, and specifically Defendants' adoption and use of the "kreate" spelling, Defendants' prior knowledge of Kreate and Kreate's use of its Registered Trademark, and the relatedness of the parties' goods and services and marketing and advertising channels, Defendants' conduct constitutes willful trademark infringement.

51.     As a result of Defendants' conduct, there is a strong likelihood of confusion, mistake, and/or deception, and many persons familiar with Kreate's Registered Trademark

and/or searching for or interested in the Kreate Services are likely to believe that Defendants are affiliated with, or sponsored by Kreate, and/or that Defendants' Infringing Services originate from Kreate or are provided by or otherwise authorized or sponsored by Kreate.

52.     Accordingly, Defendants are engaged in infringement of Kreate's Registered Trademark, in violation of the Lanham Act § 32, 15 U.S.C. § 1114(1), by using marks wherein such use is likely to cause confusion or mistake, or to deceive.

53.     On information and belief, Defendants intend to make, and have made, unlawful gains and profits from such unlawful infringement and, by reason thereof, Kreate has been and will be deprived of rights and profits which otherwise would have come to Kreate, but for such infringements.

54.     Kreate has no adequate remedy at law for the injury alleged in this Count. The injury is intangible in nature and not capable of being fully measured or valued in terms of money damages. Further, the injury is of a continuing nature and will continue to be suffered so long as Defendants continue their wrongful conduct.

55.     Defendants' acts are willful, malicious and wanton and Defendants will continue its acts of willful infringement unless enjoined by this Court.

56.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Kreate's monetary damages caused by Defendants' wrongful conduct, Kreate is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Kreate. Kreate seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages, if and when, and to the extent the damages are ascertained.

**COUNT II**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN,**
<u>**FALSE DESCRIPTION, AND UNFAIR COMPETITION (LANHAM ACT ' 43(a))**</u>

57.     Kreate repeats and realleges each and every allegation contained in the prior paragraphs, and the same are incorporated herein and made a part hereof by this reference.

58.     Kreate is the owner of the Kreate Mark.

59.     The Kreate Mark is inherently distinctive.

60.     The Kreate Mark has acquired distinctiveness and a secondary meaning.

61.     Kreate commenced using, and has continuously used the Kreate Mark in commerce since its first use date.

62.     Kreate adopted and used the Kreate Mark prior to when Defendants' commenced using Defendants' Infringing Mark, or otherwise prior to any priority date Defendants can claim for the Infringing Mark.

63.     Kreate's Priority Date for the Registered Mark is earlier in time that any priority date Defendants can claim for the Infringing Mark.

64.     Defendants' offering and sales of their Infringing Services using Defendants' Infringing Mark creates a likelihood of confusion with Kreate, Kreate's Kreate Mark, and with Kreate's offering and sales of its Kreate Services using its Kreate Mark.

65.     Defendants' Infringing Mark is confusingly similar to the Kreate Mark in sight, sound, and connotation.

66.     The Kreate Services are services which are sold, distributed, furnished and/or advertised to the same or similar classes of customers as Defendants' Infringing Services.

67.     Upon information and belief, Defendants were aware of Kreate and of Kreate's use of its Kreate Mark prior to the time Defendants selected and commenced using Defendants' Infringing Mark.

68.     Upon information and belief, based upon, without limitation, the similarity of the parties' respective marks and specifically Defendants' adoption and use of the "kreate" spelling, Defendants' prior knowledge of Kreate and Kreate's use of its Kreate Mark, and the relatedness of the parties' goods and services and marketing channels, Defendants' conduct constitutes willful trademark infringement.

69.     The acts of Defendants constitute willful infringement of the Kreate Mark, and the use of a false designations of origin, false representations, and unfair competition, by inducing the erroneous belief that Defendants, Defendants' Infringing Mark, and/or Defendants' Infringing Services are in some manner affiliated with, originate from, and/or are sponsored by Kreate, and by misrepresenting the nature and/or origin of Defendants' Infringing Services, are all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

70.     The acts of Defendants have caused irreparable harm and damage to Kreate and will continue to cause irreparable harm to Kreate, and have caused and will continue to cause Kreate to suffer monetary damage in an amount thus far not determined.

71.     Kreate has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

72.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Kreate's monetary damages caused by Defendants' wrongful conduct, Kreate is informed and believes and, based upon such information and belief, alleges that said conduct has

resulted in irreparable, direct and proximate damages to Kreate. Kreate seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained.

**COUNT III**
**COMMON LAW INFRINGEMENT AND UNFAIR COMPETITION**

73.     Kreate repeats and realleges each allegation contained in the prior paragraphs and the same are incorporated herein and made a part hereof by this reference.

74.     Upon information and belief, Defendants intentionally appropriated Kreate's Kreate Mark with the intent of causing confusion, mistake and deception as to the source of Defendants' Infringing Mark and Defendants' Infringing Services, with the intent to palm-off Defendants' Infringing Services as those of Kreate's and to misappropriate the efforts and good will of Kreate.

75.     The acts of Defendants have created a likelihood of confusion.

76.     The acts of Defendants, including Defendants' use of Defendants' Infringing Mark, constitute trademark infringement, in violation of the common law of the State of Texas.

77.     The acts of Defendants, including Defendants' use of Defendants' Infringing Mark, constitute unfair competition, in violation of the common law of the State of Texas.

78.     The foregoing acts of Defendants have injured and will continue to injure Kreate, by depriving it of sales of its genuine services, by injuring its business reputation, and by passing off Defendants' Infringing Mark and Defendants' Infringing Services as those of Kreate, all in violation of the common law of the State of Texas.

79.     Defendants' acts have caused irreparable harm and damage to Kreate and have caused Kreate monetary damage in an amount thus far not determined, for which Kreate is entitled to its actual damages, Defendants' profits, punitive damages, attorneys' fees and costs.

80.     Kreate has no adequate remedy at law for the injury alleged in this count, and said injury is, in part, intangible in nature and not capable of being fully measured or valued entirely in terms of monetary damages.

81.     Notwithstanding the inadequacy of and the difficulty of presently fully ascertaining Kreate's monetary damages caused by Defendants' wrongful conduct, Kreate is informed and believes and, based upon such information and belief, alleges that said conduct has resulted in irreparable, direct and proximate damages to Kreate. Kreate seeks leave of this Court to amend its complaint to allege the full nature and extent of said monetary damages if, when and to the extent the damages are ascertained

## **PRAYER**

WHEREFORE, PREMISE CONSIDERED, Kreate respectfully prays for judgment against Defendants as follows:

A.      That Defendants' conduct serves to infringe Kreate's Registered Trademark, in violation of Lanham Act § 32, 15 U.S.C. § 1114.

B.      That Defendants' conduct serves to infringe Kreate's Kreate Mark, falsely designate the origin of Defendants' services, falsely describe such services, and unfairly compete with Kreate, all in violation of Lanham Act § 43(a), 15 U.S.C. § 1125.

C.      That Defendants' conduct has injured Kreate by depriving it of sales of its genuine services, by injuring its business reputation, and by passing off Defendants' Infringing Mark and Defendants' Infringing Services as Kreate's Mark and Kreate Services, all in violation of the common law of the State of Texas.

D.      That Defendants and their directors, officers, members, managers, employees, attorneys, agents, servants, parents, subsidiaries, affiliates, successors, heirs, assigns, and all

others in active concert or participation with Defendants be preliminarily and permanently enjoined from directly or indirectly:

      i.    Using Kreate's Kreate Mark, or any other marks which are similar to or are colorable imitations of the Kreate Mark, alone or as a part of, or together with, any other designs, word or words, trademark, service mark, trade name, trade dress or other business or commercial designation or any logo, symbol or design;

      ii.    Committing any act which, in and of itself, or from the manner or under the circumstances in which it is done amounts to false designation of origin, false description or false representation of Defendants' services; and

      iii.    Otherwise unfairly competing with Kreate.

E.    That the Court issue an Order directing Defendants to file with the Court and serve on Kreate, within thirty (30) days after the service on Defendants of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

F.    That the Court award judgment in favor of Kreate for the damages sustained by Kreate and the profits made by Defendants as a result of Defendants' wrongful conduct.

G.    That the Court award judgment in favor of Kreate in the amount of treble damages.

H.    That the Court award judgment against Defendants for the full costs of this action, including reasonable attorneys' fees.

I.    That the Court award to Kreate punitive damages sufficient to deter Defendants from committing such willful acts of infringement in the future.

J.      That this Court requires a full and complete accounting of all monies received by Defendants as a result of the sales made by or on behalf of Defendants under Defendants' Infringing Mark.

K.      For interest on all amounts found to be due to Kreate from Defendants, at the prevailing rate, from the date said amounts or any part thereof became or becomes due.

L.      That the Court requires Defendants to notify their commercial associates, suppliers, and customers of said Order.

M.      That the Court orders such other, further, and different relief as the nature of this action may require and that the Court may deem just and proper.

N.      That the Court retains jurisdiction of this action for the purpose of enabling Kreate to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

## **JURY TRIAL DEMANDED**

Plaintiff Kreate hereby demands a jury trial of all issues so triable.

Dated: January 4, 2023                          Respectfully submitted,

                                                **NOLTE LACKENBACH SIEGEL**

                                                By: */s/ Wade A. Johnson*
                                                WADE A. JOHNSON
                                                State Bar No. 24062197
                                                Federal Bar No. 105556
                                                30798 Kingsland Blvd., Suite 200, Bldg. B
                                                Brookshire, TX 77423
                                                Email: WJohnson@NLS.law
                                                Telephone:  (866) 201-2030
                                                Facsimile:  (832) 201-8247

JEFFREY M. ROLLINGS
Pro Hac Vice (To Be Filed)
NY State Bar No.: 3045143
111 Brook Street, Suite 101
Scarsdale, New York 10583
Email: JRollings@NLS.law
Telephone:  (866) 201-2030
Facsimile:  (832) 201-8247

**ATTORNEYS FOR PLAINTIFF**
**KREATE SPACE, LLC**